

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEREW BROTHERS, : | |
| LEREW FARMS, INC., and : | |
| CLOVERDALE ORCHARDS, INC., : | |
| Plaintiffs : | |
| : | |
| v. : | Civil Action |
| : | |
| VAUGHN E. HUNTER, HUNTER : | Case No. 1:12-cv-2154 |
| INSURANCE ASSOCIATES, LLC, : | |
| WILLIAM UFER, : | Judge Jones |
| RAIN AND HAIL, LLC, and : | |
| ACE PROPERTY AND CASUALTY : | |
| INSURANCE COMPANY, : | |
| Defendants : | JURY TRIAL DEMANDED |

## PLAINTIFFS' COMPLAINT

Plaintiffs, Lerew Brothers, Lerew Farms, Inc., and Cloverdale Orchards, Inc., by their undersigned attorneys, file this Complaint against Defendants, Vaughn E. Hunter, Hunter Insurance Associates, LLC, William Ufer, Rain and Hail, LLC, and ACE Property and Casualty Insurance Company, and in support thereof aver as follow:

## I. JURISDICTION

1. This Court has jurisdiction under the federal question statute, 28 U.S.C. §1331, because original United States District Court jurisdiction is conferred under the Federal Crop Insurance Act, 7 U.S.C. §1506(d), (l) and (o); 7 CFR §400.352(b)(4).

2. This Court has supplemental jurisdiction over the pendent State claims under 28 U.S.C. §1367(a).

## II. VENUE

3. Venue is proper in this Court under 28 U.S.C. §1391(a) and (c) because all Plaintiffs and Defendants, Vaughn E. Hunter and Hunter Insurance Associates, LLC, are resident within the Middle District of Pennsylvania, all remaining Defendants are subject to personal jurisdiction in the Middle District of Pennsylvania, and a substantial part of the transactions giving rise to the causes of action pleaded herein occurred within the Middle District of Pennsylvania.

## III. PARTIES

4. Plaintiff, Lerew Brothers ("Lerew Brothers"), is a Pennsylvania partnership engaged in the business of owning and operating a fruit orchard, particularly for the production and sale of apples in Adams County, Pennsylvania, with an address of 1284 Town Hill Road, York Springs, Pennsylvania 17372-9776.

5.  Plaintiff, Lerew Farms, Inc. ("Lerew Farms"), is a Pennsylvania corporation engaged in the business of owning and operating a fruit orchard, particularly for the production and sale of apples in Adams County, Pennsylvania, with an address of 1284 Town Hill Road, York Springs, Pennsylvania 17372-9776.

6.  Plaintiff, Cloverdale Orchards, Inc. ("Cloverdale"), is a Pennsylvania corporation engaged in the business of owning and operating a fruit orchard, particularly for the production and sale of apples in Adams County, Pennsylvania, with an address of 1284 Town Hill Road, York Springs, Pennsylvania 17372-9776.

7.  Defendant, Vaughn E. Hunter ("Hunter"), is an adult individual and licensed insurance agent in Pennsylvania and at all material times was acting in the capacity as chief executive officer of Hunter Insurance Associates, LLC, with a business address of 90 Wagner Drive, Carlisle, Pennsylvania 17013, and at all material times was an agent of Rain and Hail, LLC and ACE Property and Casualty Insurance Company.

8.  Defendant, Hunter Insurance Associates, LLC ("Hunter Insurance"), is a Pennsylvania limited liability corporation engaged in the business of providing federal crop insurance coverage to apple growers, with a business address of 90

Wagner Drive, Carlisle, Pennsylvania 17013, and at all material times was an agent of Rain and Hail, LLC and ACE Property and Casualty Insurance Company.

9. Defendant, William Ufer ("Ufer"), is an adult individual employed by Rain and Hail, LLC, who at all material times acted in the capacity as Claims and Quality Control Manager, Atlantic Coast Division, with an address of 3120 Highwoods Boulevard, Suite 202, Raleigh, North Carolina 27604.

10. Defendant, Rain and Hail, LLC ("Rain & Hail") is believed to be an Iowa corporation engaged in the business of selling and servicing multiple peril federal crop insurance with its Atlantic Coast Division having an address of 3120 Highwoods Boulevard, Suite 202, Raleigh, North Carolina 27604, and is believed at all material times to be the managing general agent and wholly owned subsidiary of ACE Property and Casualty Insurance Company.

11. Defendant, ACE Property and Casualty Insurance Company ("ACE") is a Pennsylvania insurance business corporation engaged in the business of issuing insurance policies including multiple peril federal crop insurance with a registered address of 436 Walnut Street, Philadelphia, Pennsylvania 19106, and is believed at all material times to be an Approved Insurance Provider as defined under the Federal Crop Insurance Act.

## IV.   FACTS

12.   Lerew Brothers had a multiple peril federal crop insurance policy issued by Rain & Hail and ACE, No. MP-0028933 for crop year 2010.

13.   Lerew Farms had a multiple peril federal crop insurance policy issued by Rain & Hail and ACE, No. MP-0028934 for crop year 2010.

14.   Cloverdale had a multiple peril federal crop insurance policy issued by Rain & Hail and ACE, No. MP-00289367 for crop year 2010.

15.   All of the above policies were written at the 50% level of coverage for fresh fruit for crop year 2010.

16.   The above policies were all secured through Hunter and Hunter Insurance and were issued by Rain & Hail and ACE.

17.   Lerew Brothers, Lerew Farms and Cloverdale had all secured crop insurance for many years through Hunter and Hunter Insurance and Paul J. Lerew ("Lerew"), acting with authority of and on behalf of Lerew Brothers, Lerew Farms and Cloverdale had executed a limited power of attorney to Hunter and Hunter Insurance on November 20, 1995, which limited power of attorney remained in effect at all material times.

18.   At all material times, Lerew knew that the closing date for crop year 2011 crop insurance was November 20, 2010.

19. In accordance with normal business practices and consistent with the history and course of prior dealings with Hunter and Hunter Insurance, acting as agents of Rain & Hail and ACE, Lerew communicated by telephone with Hunter and Hunter Insurance on November 10, 11 and 18, 2010, requesting a change in coverage level from 50% to 60% for fresh fruit for the crop year 2011 policies for Lerew Brothers, Lerew Farms and Cloverdale.

20. Lerew was not asked at that time to complete or sign any documentation in regard to the requested increase in coverage level, and was not advised that the policy required Lerew, on behalf of Lerew Brothers, Lerew Farms and Cloverdale, as the insureds, to submit such a request for change in coverage level in writing to Rain & Hail and ACE through their agent, Hunter and Hunter Insurance.

21. At no time prior to November 20, 2010, had Lerew been asked to complete or sign any documentation in connection with applying for or renewing crop insurance for Lerew Brothers, Lerew Farms and Cloverdale, and to the extent that any signature was required in connection with the submission of any documentation for those purposes, Lerew relied upon Hunter and Hunter Insurance to execute Lerew's signature under the scope and authority of his limited power of

attorney in favor of Hunter and Hunter Insurance on behalf of Lerew Brothers, Lerew Farms and Cloverdale.

22. It is believed that Hunter and Hunter Insurance completed ACE and Rain & Hail Form 5030 for Lerew Brothers, Lerew Farms and Cloverdale directing the policy change to increase the level of coverage from 50% to 60% and signed Lerew's name under the limited power of attorney on or about November 20, 2010, and submitted the forms to Rain & Hail and ACE within the required time to do so as the data entry agent of Rain & Hail and ACE on or about December 3, 2010.

23. It is believed that Hunter and Hunter Insurance signed, completed and submitted the Forms 5030 for Lerew Brothers, Lerew Farms and Cloverdale in the manner he had been instructed to do so by Ufer, and in accordance with all internal business practices and policies of Rain & Hail and ACE.

24. Rain & Hail and ACE issued Summary of Coverage forms dated January 21, 2011, May 26, 2011 and July 7, 2011 confirming the change in policy to increase the level of coverage from 50% to 60% for Lerew Brothers.

25. Rain & Hail and ACE issued Summary of Coverage forms dated January 21, 2011, May 26, 2011 and July 7, 2011 confirming the change in policy to increase the level of coverage from 50% to 60% for Lerew Farms.

26. Rain & Hail and ACE issued Summary of Coverage forms dated January 21, 2011, May 26, 2011 and July 7, 2011 confirming the change in policy to increase the level of coverage from 50% to 60% for Cloverdale.

27. Lerew paid the premium established by the above-referenced Summaries of Coverage for Lerew Brothers, Lerew Farms and Cloverdale as required on September 6, 2011.

28. Lerew Brothers, Lerew Farms and Cloverdale sustained damage to their apple crop during crop year 2011 and submitted a claim in a timely manner to Rain & Hail and ACE through Hunter and Hunter Insurance.

29. Rain & Hail and ACE denied the claims of Lerew Brothers, Lerew Farms and Cloverdale at the coverage level of 60%, but processed and paid the claims at the coverage level of 50% in accordance with the level of coverage under the crop year 2010 policies of crop insurance.

30. Rain & Hail and ACE issued revised Summary of Coverage forms, without authority on behalf of Lerew Brothers, Lerew Farms or Cloverdale, confirming the unilateral reduction in coverage level to 50% and the revised premium, and Rain & Hail and ACE refunded the difference in premium between 60% level of coverage and 50% level of coverage for crop year 2011.

31. Rain & Hail and ACE denied the above claims at the 60% level of coverage on the basis that the insureds, Lerew Brothers, Lerew Farms and Cloverdale, had not provided <u>written</u> notice to Rain & Hail and ACE by and through their agent, Hunter and Hunter Insurance, on or before November 20, 2010 to increase the coverage level to 60% as a change in the policy from crop year 2010.

32. Ufer, on Rain & Hail letterhead, issued letters dated June 4, 2012 to Lerew Brothers, Lerew Farms and Cloverdale confirming the denial by Rain & Hail and ACE, alleging a material misrepresentation on the part of Lerew Brothers, Lerew Farms and Cloverdale and threatening to void the policies, including subjecting them to remedial sanctions and disqualification from participation in the Federal Crop Insurance Program.

33. At the time of Ufer's letters dated June 4, 2010, Ufer, Rain & Hail and ACE knew or had the ability to know that the Forms 5030 requesting the change in policy to increase the coverage level from 50% to 60% on behalf of Lerew Brothers, Lerew Farms and Cloverdale were completed and submitted to Rain & Hail and Ace by Hunter and Hunter Insurance, as agents of Rain & Hail and ACE.

34. The difference between the claim as adjusted at 50% level of coverage and the claim as adjusted at 60% level of coverage for Lerew Brothers is $297,357.00, for Lerew Farms is $62,478.00, and for Cloverdale is $33,077.00, making the collective total difference in the amount of $392,912.00.

## V.   FIRST CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY AGAINST HUNTER, HUNTER INSURANCE, RAIN & HAIL AND ACE

35. The averments contained in paragraphs 1 through 34 above are incorporated by reference as though fully set forth herein.

36. The limited power of attorney provided by Lerew on behalf of Lerew Brothers, Lerew Farms and Cloverdale, to Hunter and Hunter Insurance conferred authority to do and perform all actions as required and necessary to legally execute all paperwork to Rain & Hail and ACE under the jurisdiction of the Federal Crop Insurance Program.

37. The Agency/Company Agreement between Hunter and Hunter Insurance as agent and agency and Rain & Hail as company authorized Hunter and Hunter Insurance to solicit and receive applications for Rain & Hail for insurance written by ACE and confirmed that Hunter and Hunter Insurance had powers of

attorney to act on behalf of policyholders with respect to multiple peril crop insurance policies with Rain & Hail and ACE.

38.	The failure of Hunter and Hunter Insurance to execute any necessary paperwork to submit in writing on behalf of Lerew Brothers, Lerew Farms and Cloverdale the requested policy change to increase the level of coverage from 50% to 60% for crop year 2011 constituted a breach of fiduciary duty under the limited power of attorney by Hunter and Hunter Insurance, individually and as agent and agency on behalf of Rain & Hail and ACE.

39.	The breach of fiduciary duty by Hunter, Hunter Insurance, Rain & Hail and ACE resulted in collective damages to Lerew Brothers, Lerew Farms and Cloverdale in the amount of $392,912.00.

WHEREFORE, Lerew Brothers, Lerew Farms and Cloverdale demand judgment in their favor and against Hunter, Hunter Insurance, Rain & Hail and ACE in the amount of $392,912.00 plus interest, and such other and further relief as this Court may deem proper.

## VI.  SECOND CAUSE OF ACTION

### NEGLIGENCE AGAINST HUNTER, HUNTER INSURANCE, UFER, RAIN & HAIL AND ACE

40. The averments contained in paragraphs 1 through 39 above are incorporated by reference as though fully set forth herein.

41. Hunter and Hunter Insurance, as agents of Rain & Hail and ACE, had a duty under the Agency/Company Agreement to properly complete all necessary forms and documentation in writing in a timely manner in order to conform to the requirements of the crop insurance policy to effectuate the request by Lerew Brothers, Lerew Farms and Cloverdale to change their policy for crop year 2011 to increase the level of coverage from 50% to 60%.

42. Hunter and Hunter Insurance, as agents of Rain & Hail and ACE, had a duty to Lerew Brothers, Lerew Farms and Cloverdale as insureds, to properly complete all necessary forms and documentation in writing in a timely manner in order to conform to the requirements of the crop insurance policy to effectuate the request to change their policy for crop year 2011 to increase the level of coverage from 50% to 60%.

43. In the alternative, Hunter, Hunter Insurance, Rain & Hail and ACE, had a duty to Lerew Brothers, Lerew Farms and Cloverdale, as insureds, to advise

them in a timely manner that their request for a change in policy for crop year 2011 to increase the level of coverage from 50% to 60% needed to be submitted in writing by Lerew personally to Hunter and Hunter Insurance, as agents of Rain & Hail and ACE, or on a form or other documentation utilized for that purpose and acceptable to Rain & Hail and ACE.

44. Hunter, Hunter Insurance, Rain & Hail and ACE breached their duty to Lerew Brothers, Lerew Farms and Cloverdale, as insureds, in failing either to properly complete the necessary forms and other documentation in a timely manner to effectuate the requested change in policy to increase the level of coverage from 50% to 60% for crop year 2011, or to advise the insureds in a timely manner that additional written notification was necessary in order to conform to the requirements of the crop insurance policy.

45. To the extent that Hunter and Hunter Insurance relied upon Ufer, as Claims and Quality Control Manager of Rain & Hail, for instructions on how to complete and submit the Form 5030 for purposes of renewal and requested policy changes, and completed the Form 5030 in reliance upon that training, Ufer, Rain & Hail and ACE breached their duty to their agents, Hunter and Hunter Insurance, thereby foreseeably causing Hunter and Hunter Insurance to breach their duty to the insureds, Lerew Brothers, Lerew Farms and Cloverdale.

46. The breach of duty by Hunter, Hunter Insurance, Ufer, Rain & Hail and ACE resulted in collective damages to Lerew Brothers, Lerew Farms and Cloverdale in the amount of $392,912.00.

WHEREFORE, Lerew Brothers, Lerew Farms and Cloverdale demand judgment in their favor and against Hunter, Hunter Insurance, Ufer, Rain & Hail and ACE in the amount of $392,912.00 plus interest and such other and further relief as this Court may deem proper.

## VII.  THIRD CAUSE OF ACTION

## BAD FAITH AGAINST RAIN & HAIL AND ACE

47. The averments contained in paragraphs 1 through 46 above are incorporated by reference as though fully set forth herein.

48. Ufer provided training to Hunter and Hunter Insurance in regard to completion and submission of Form 5030 for purposes of application or renewal of insurance policies, including requesting policy changes such as an increase in coverage level as requested by Lerew Brothers, Lerew Farms and Cloverdale from 50% to 60% for crop year 2011.

49. If the insured was required by the policy provisions to submit the request for a policy change to the agent in writing, Ufer failed to communicate to Hunter and Hunter Insurance that their completion and submission of the Form

5030 based upon the information provided by and on behalf of the insured did not satisfy that requirement, and, on the contrary, instructed Hunter and Hunter Insurance to complete and submit the Form 5030 as it was done in this case.

50. Ufer knew, or had the opportunity to know, that the Form 5030 for Lerew Brothers, Lerew Farms and Cloverdale directing a policy change increasing the coverage level from 50% to 60% for crop year 2011 was submitted to Rain & Hail and ACE by Hunter and Hunter Insurance on December 3, 2010, on the basis of which Rain & Hail and ACE issued Summary of Coverage forms confirming the coverage level at 60% and accepting the premium for the increased level of coverage as a policy change for Lerew Brothers, Lerew Farms and Cloverdale for crop year 2011.

51. Despite that knowledge, Ufer requested of the insureds, Lerew Brothers, Lerew Farms and Cloverdale, only after their respective claims were filed, that they provide written confirmation of the requested change in coverage for crop year 2011.

52. Ufer was aware, at all material times, that Hunter and Hunter Insurance were agents of Rain & Hail and ACE, and that Hunter and Hunter Insurance, acting in that capacity on behalf of Rain & Hail and ACE, submitted the

Form 5030 for Lerew Brothers, Lerew Farms and Cloverdale in accordance with Ufer's instructions.

53. Ufer is compensated based upon the profitability of Rain & Hail and ACE.

54. Ufer, Rain & Hail and ACE have a vested interest in the outcome of the claim after the claim is filed, in that any claims payment will detract from the profitability of Rain & Hail and ACE, and decrease the compensation to Ufer based upon the decreased profitability of Rain & Hail and ACE.

55. Ufer knew that Hunter and Hunter Insurance, as agents of Rain & Hail and ACE, had notice from the insured of the requested policy change increasing the level of coverage, and that, because Ufer provided the training to Hunter and Hunter Insurance in regard to how to complete and submit the Form 5030, Hunter and Hunter Insurance would rely upon that training in carrying out its responsibilities on behalf of the insured and as agent for Rain & Hail and ACE.

56. Ufer knew that the completion and submission of the Form 5030 was solely within the control of Hunter and Hunter Insurance, as agents of Rain & Hail and ACE, and that the Form 5030 was not submitted directly by any of the insureds, Lerew Brothers, Lerew Farms and Cloverdale.

57. Ufer, together with his supervisor, Charles Goode ("Goode"), Vice President, Atlantic Coast Division, Rain & Hail, and Hunter have had a long standing personal and professional acrimonious relationship which resulted in Goode, on Rain & Hail letterhead, issuing a letter dated July 3, 2012 to Hunter and Hunter Insurance terminating the Agency/Company Agreement, and Ufer, on Rain & Hail letterhead, issuing a letter dated July 5, 2012 to Hunter and Hunter Insurance advising that a compliance officer of the United States Department of Agriculture, Risk Management Agency, Eastern Regional Compliance Office would be reviewing original policy files in Hunter Insurance's office.

58. Ufer's denial of the requested change in policy increasing the coverage level from 50% to 60% for crop year 2011, solely on the basis that the notice from the insured to Rain & Hail and ACE through their agent, Hunter and Hunter Insurance, was not in writing was frivolous and unfounded and was motivated by self-interest and ill will.

59. The issuance by Rain & Hail and ACE of the revised Summaries of Coverage, unilaterally reducing the coverage level to 50% after the claims were filed, and after accepting the policy change and the premium for a coverage level at 60%, was done for a dishonest purpose in breach of a known duty of good faith

and fair dealing owed by Rain & Hail and ACE, as insurers, to Lerew Brothers, Lerew Farms and Cloverdale, as insureds.

60. Ufer's investigative practices to require the insureds to submit written confirmation of the requested change in policy, which had to be obtained from Hunter and Hunter Insurance, as agents of Rain & Hail and ACE, were carried out in bad faith.

61. Ufer's investigative practices to allege misrepresentation by the insureds and to threaten to void the policy and subject the insureds to remedial sanctions including disqualification from the Federal Crop Insurance Program were in bad faith.

62. Ufer, at all material times, was acting in the course and scope of his employment with Rain & Hail, the managing general agent and wholly owned subsidiary of ACE.

63. As a result of the bad faith insurance practices of Rain & Hail and ACE, as insurers, Lerew Brothers, Lerew Farms and Cloverdale, as insureds, have incurred collective damages in the amount of $392,912.00 and are further entitled to interest, punitive damages, costs and attorney's fees under 42 Pa.C.S.A. §8371.

WHEREFORE, Lerew Brothers, Lerew Farms and Cloverdale demand judgment in their favor and against Rain & Hail and ACE in the amount of $392,912.00 plus interest, punitive damages, costs, attorney's fees and such other and further relief as this Court may deem proper.

        Respectfully submitted,

        PERSUN & HEIM, P.C.

        By: _____
        Jack M. Hartman, Esquire
        Sup. Ct. I.D. No. PA21902
        P.O. Box 659
        1700 Bent Creek Boulevard, Suite 160
        Mechanicsburg, PA  17055-0659
        (717) 620-2440 - Phone
        (717) 620-2442 - Fax

        Attorneys for Plaintiffs,
        Lerew Brothers, Lerew Farms, Inc. and
        Cloverdale Orchards, Inc.

Date: 10/29/12

29361v1